UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF NEW YORK
_____

UNITED STATES OF AMERICA,

                        Plaintiff,

                                                    <u>DECISION AND ORDER</u>

                                                    00-CR-6129L
                                                    04-CV-6127L

                v.

MARQUIS WILCHER,

                        Defendant.
_____

       Marquis Wilcher ("Wilcher") has filed a petition, *pro se,* to vacate his conviction pursuant to 28 U.S.C. § 2255. The Government has responded to the motion and has moved to dismiss the petition. For the reasons advanced by the Government, the petition is in all respects dismissed.

       Wilcher was convicted after a jury trial on a one-count indictment charging him with violating 18 U.S.C. § 922(g)(1), a felon in possession of a firearm. On June 3, 2002, the Court sentenced Wilcher principally to a term of 84 months imprisonment. Thereafter, Wilcher timely filed a Notice of Appeal in which he raised one issue: that there was insufficient evidence to support his conviction. In a Summary Order filed March 7, 2003, the Second Circuit affirmed Wilcher's conviction.

To obtain relief, Wilcher must show that his conviction and sentence was imposed in violation of the Constitution and laws of the United States. Allegations concerning violations of federal law entitle Wilcher to relief only if they involve a "fundamental defect that results in a complete miscarriage of justice." *Davis v. United States,* 417 U.S. 333, 346 (1974).

In this collateral proceeding, Wilcher once again claims that there was insufficient evidence to support his conviction. Wilcher did raise this issue on direct appeal, and it is clear that a § 2255 petition can not be used to relitigate questions that were raised and decided on direct appeal. *See United States v. Sanin,* 252 F.3d 79, 83 (2d Cir.), *cert. denied,* 122 S. Ct. 492 (2001); and cases cited at page 3-4 of the Government's motion to dismiss the petition.

Wilcher claims that the indictment was constructively amended. There was no constructive amendment of the indictment and, therefore, this claim is without merit. Although conceding that the indictment charged him with knowing possession of a firearm, Wilcher apparently claims that because the Court instructed the jury on actual and constructive possession that such an instruction somehow constituted a variance in the indictment. Advising the jury on the law that applies does not constitute amendment of the indictment. Essentially, the arguments advanced by Wilcher simply are restatements of his claim that there was insufficient evidence, for a variety of reasons, for the jury to have convicted him. As mentioned, the Second Circuit has already determined that there was sufficient evidence.

In addition, as the Government points out, Wilcher never raised this particular claim on direct appeal concerning amendment of the indictment and, therefore, he should be precluded from doing so in this collateral proceeding.

Wilcher also claims that his trial counsel was ineffective. In determining such issues, Wilcher must meet the requirements established in *Strickland v. Washington,* 466 U.S. 668 (1984). Wilcher must establish that his counsel's performance fell below an objective standard of reasonableness and that the deficient performance prejudiced the outcome of the proceeding. Wilcher cannot demonstrate either prong here.

As the Government points out, Wilcher has failed to discuss why he meets either standard of the *Strickland* test. As the Government points out in its memorandum at page 7-9, a reviewing court must give deference to counsel's strategic decisions under a deferential standard and there is also a strong presumption that counsel's conduct falls within the scope of reasonable professional assistance. Although Wilcher claims ineffective assistance of appellate counsel for, in part, not advancing ineffective assistance of trial counsel claims on appeal, he fails to set forth precisely how trial counsel was ineffective. To the extent Wilcher claims that appellate counsel should have raised the "constructive amendment claim on appeal," such a claim, as discussed above is without merit and appellate counsel acted well within the scope of his professional responsibilities in declining to pursue such a meritless claim on appeal.

CONCLUSION

I find no need for an evidentiary hearing. I grant the Government's motion to dismiss the petition and, therefore, the petition of Marquis Wilcher is in all respects dismissed.

I decline to issue a certificate of appealability because Wilcher has failed to make a substantial showing of the denial of a constitutional right. 28 U.S.C. § 2253(c).

IT IS SO ORDERED.

_____
DAVID G. LARIMER
United States District Judge

Dated: Rochester, New York
January 6, 2006.